UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
BUILDING SERVICE 32BJ PENSION FUND,

                  Plaintiff,

v.                                                     COMPLAINT

TOTAL MAINTENANCE SOLUTIONS LLC
a/k/a TOTAL MAINTENANCE SOLUTIONS
and ABC COMPANIES 1-10 (all other trades
or businesses under common control with
TOTAL MAINTENANCE SOLUTIONS LLC
a/k/a TOTAL MAINTENANCE SOLUTIONS),

                  Defendants.
----------------------------------------------------------------X

Building Service 32BJ Pension Fund ("Fund"), by its attorneys, Raab, Sturm & Ganchrow, LLP., as and for its complaint against Total Maintenance Solutions LLC a/k/a Total Maintenance Solutions ("Defendant") and ABC Companies 1-10 (All Other Trades or Businesses under Common Control with Total Maintenance Solutions LLC a/k/a Total Maintenance Solutions), (all collectively referred to herein as "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1. This is an action commenced by the Fund to recover unpaid withdrawal liability, liquidated damages, interest, attorneys' fees, and costs within the meaning of Title VII of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), Section 4001 *et seq.*, 29 U.S.C. §1301 *et seq.*

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to Sections 502(a)(3), (e)(1) and (f), 4301 (c) and 4221 (b)(1) of ERISA, 29 U.S.C. §§1132(a)(3), (e)(1) and (f), 29 U.S.C. §1451(c), and 29 U.S.C. §1401(b)(1).

3. Venue is proper in this Court pursuant to Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§1132(e)(2) and 1451(d) in that the Fund maintains is principal office and place of business within the Southern District of the District of New York. Service of process may be made on Defendants in any other district in which they may be found, pursuant to Section 502 (e)(2) of ERISA (29 U.S.C. § 1132 (e)(2).

## PARTIES

4. The Fund is a Taft-Hartley trust fund with trustees equally represented by the Service Employees International Union, Local 32BJ (the "Union") and employers that contribute to the Fund. The Fund is established and maintained pursuant to Section 302(c)(5) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §186(c)(5). The purpose of the Fund is to receive contributions from employers who are parties to collective bargaining agreements with Service Employees International Union, Local 32BJ ("Union"), to invest and maintain those monies, and to provide pension benefits to those employees eligible to receive them. The Fund maintains its offices and is administered at 25 West 18th Street, New York, New York, in the City, County, and State of New York.

5. The Board of Trustees of the Fund is the sponsor of the "Plan" of the Fund, an employee pension benefit plan within the meaning of Section 3(2) and (3) of ERISA, 29 U.S.C. §§1002 (2) and (3), and a defined benefit plan within the meaning of Section 3(35) of ERISA, 29 U.S.C. §1002(35), established and maintained for the purpose of providing retirement and related benefits to eligible participants and beneficiaries.

6. The Plan is a multi-employer plan within the meaning of Sections 3(37) of ERISA, 29 U.S.C. §§1002(37), and is authorized to commence this action under Section 502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1).

7. Upon information and belief, Total Maintenance Solutions LLC a/k/a Total Maintenance Solutions, is a New York limited liability company, established and maintained in accordance with the laws of the State of New York, and registered to do business in the State of New York, with its principal place of business located at 184 Ardmore Avenue, Staten Island (Richmond County), State of New York, and at material times herein was an employer within the meaning of Sections 3(5), (11), and (12) of ERISA, 29 U.S.C. §1002(5), (11), and (12), and Section 301(a) of LMRA, 29 U.S.C. §185(a).

8. At all times material herein, and continuing to date, Defendant was a contributing employer to the Fund, making monthly contributions to the Fund on behalf of Defendant's employees, who were and continue to be covered by successive collective bargaining agreements between Defendant and the Union.

9. The Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185) which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. § 142) and Section 3(4) of ERISA (29 U.S.C. § 1002(4)). The Union maintains its offices and is administered at 25 West 18th Street, New York, New York, in the City, County, and State of New York.

10. In or around June, 2017, Defendant's complement of employees suffered a partial withdrawal from the Fund and as a consequence suffered partial withdrawal from the Fund as defined by Section 4205(a)(1) of ERISA. (29 U.S.C. §1385(a)(1))

11. By partially withdrawing from the Plan, Defendant incurred withdrawal liability to the Fund pursuant to Section 4201 of ERISA. (29 U.S.C. §1381)

12. By letter dated February 20, 2019, the Fund notified Defendant, by mailing such notice to Defendant's last known address, to wit, 184 Ardmore Avenue, Staten island, New York

10314, of its partial withdrawal from the Plan, and that it owed the Fund withdrawal liability in the amount of $3,853,005, as of June 30, 2017, the date of actual partial withdrawal from the Plan, which could be paid in a lump sum or in one-hundred and four monthly installments of $48,365.44 each, installments beginning no later than April 20, 2019, with a final installment of $8,400.91. The letter further advised that Defendant had the right to arbitral review of the Fund's determination of the withdrawal liability.

13. Defendant failed to pay the withdrawal liability installment payments of April 20, 2019, May 20, 2019, and June 20, 2019, as and when same came due. By letter dated July 16, 2019, Defendant was put on notice that it had sixty days to cure the default by making the missing monthly payments. To date no payments have been received and Defendant is in default.

14. Defendant failed to request arbitration of the Fund's determinations.

15. Pursuant to Section 4219(c)(5) of ERISA, 29 U.S.C. §1399(c)(5), and in accordance with the Fund's rules, upon the default and failure to cure, the Fund accelerated Defendant's withdrawal liability payment due to Defendant's default and in accordance with the Fund's rules.

16. To date, the Fund has not received any payment of the withdrawal liability amount from Defendant.

17. By the same default letter of July 16, 201, the Fund included a Request for Information pursuant to Section 4219 of ERISA, 29 U.S.C. §1399(a).

18. To date, Defendant has not provided any responses.

## COUNT ONE

19. The Fund repeats and realleges each and every allegation in the paragraphs 1 through 18 set forth above as if fully set forth herein.

20. The Fund is entitled to full payment of Defendant's outstanding withdrawal liability in the amount of $3,853,005.00.00, pursuant to Section 4301 of ERISA, 29 U.S.C. §1451 and the Plan.

21. The Fund is entitled to collect pre-judgment interest at the rate of 9% per annum on the outstanding withdrawal liability calculated from the acceleration date pursuant to Section 4219 of ERISA, 29 U.S.C. §1399(c)(6), 29 U.S.C. 1132 (g)(2) and under the Plan.

22. The Fund is entitled to collect liquidated damages in the amount of 20% of the outstanding balance of the withdrawal liability, plus attorneys' fees and costs, pursuant to Sections 29 U.S.C. 1451 (b) and 29 U.S.C. §1132(g)(2) and under the Plan.

## COUNT TWO

23. The Fund repeats and realleges each and every allegation in the paragraphs 1 through 22 set forth above as if fully set forth herein.

24. Pursuant to Section 4219 of ERISA, 29 U.S.C. §1399(a), the Fund is entitled to full and complete responses from each of the Defendants to the Fund's Request for Information concerning the entities under "common control" with Defendant.

## COUNT THREE

25. The Fund repeats and realleges each and every allegation in the paragraphs 1 through 24 set forth above as if fully set forth herein.

26. Upon information and belief, Companies ABC 1 – 10 (All Other Trades or Businesses under Common Control with Total Maintenance Solutions LLC a/k/a Total Maintenance Solutions), are each trades or businesses under common control with each other pursuant to Section 4001 (b)(1) of ERISA, 29 U.S.C. §1301(b)(1), Section 414(c) of the IRC as

amended, and regulations promulgated thereunder, and are therefore, jointly and severally liable for all withdrawal liability payments, interest, liquidated damages, costs and attorney's fees.

35. As a consequence of the above, each of the Defendants is jointly and severally liable to the Fund for the withdrawal liability of $3,853,005.00, statutory and contractual pre-judgment interest at the rate of 9%, statutory and contractual liquidated damages of 20% of the unpaid principal, attorney's fees and costs of this action.

WHEREFORE, the Fund respectfully requests the following judgment in favor of the Fund and against Defendants:

1. That Defendants be held jointly and severally liable for the outstanding withdrawal liability in the amount of $3,853,005.00.

2. That Defendants be held jointly and severally liable for the full amount of the prejudgment interest attributable to the withdrawal liability;

3. That Defendants be held jointly and severally liable for the liquidated damages attributable to the withdrawal liability computed at the rate of 20% of the outstanding withdrawal liability.

4. That Defendants be held jointly and severally liable for the Fund's costs and expenses incurred in connection with this action, including its reasonable attorneys' fees;

5. That Defendants be compelled to provide the Fund with full and complete responses to the Fund's request for information concerning commonly controlled businesses; and

6. That the Fund shall have such other and further relief as the Court shall deem just and proper.

Dated: Fort Lee, New Jersey
       September 24, 2019

                                     Raab, Sturm & Ganchrow, LLP

                                     By_____

                                     Ira A. Sturm (IS-2042)
                                     2125 Center Avenue, Suite 100
                                     Fort Lee, New Jersey 07024
                                     201-292-0150; fax: 201-292-0152
                                     isturm@rsgllp.com