# RAAB, STURM & GANCHROW, LLP
COUNSELORS AT LAW
2125 CENTER AVENUE, SUITE 100
FORT LEE, NEW JERSEY 07024
Tel: (201)292-0150
FAX: (201)292-0152

RONALD RAAB*         **MEMORANDUM ENDORSEMENT**        MAURA E. BREEN**
IRA A. STURM***         SAMUEL R. BLOOM****
ARI D. GANCHROW*
————

\* ADMITTED IN NY AND NJ
\*\* ADMITTED IN NY AND CT
\*\*\* ADMITTED IN NY AND FLA
\*\*\*\*ADMITTED IN NY, NJ AND MD

December 18, 2020

By:  ECF and Fax: 212- 805-4268
The Honorable Gabriel W. Gorenstein
United States Magistrate Judge
Southern District of New York
United States District Courthouse
500 Pearl Street
New York, New York 10007

Re:  Building Service 32BJ Pension Fund
　　　　　　　v.
　　　Total Maintenance Solutions, LLC
　　　Docket No. 19-CV-8850 (ALC)(GWG)

Dear Magistrate Judge Gorenstein,

　　　　The undersigned is counsel to Building Service 32BJ Pension Fund ("Fund"), plaintiff in the above captioned matter.  The purpose of this letter is to request permission to be excused from Your Honor's requirement for the presence of a Fund representative at the upcoming settlement conference scheduled for January 11, 2021 at 2:30.

　　　The underlying complaint was brought pursuant to ERISA seeking payment of the withdrawal liability assessed by the Fund against the defendant, Total Maintenance Solutions, LLC. ("Total"), following Total's partial withdrawal from the Fund.  Total was assessed the amount of $3,853,005 in withdrawal liability.  Total has not paid any of the monthly payments, asserting, inter alia, a financial inability to pay.  Total is not challenging liability. Total is challenging the assessment calculation in arbitration, as the arbitration forum is the ERISA mandated forum.  The Fund continues in this action, as ERISA requires challenging employers to

make monthly payments, while they contest the assessment in arbitration. (See, e.g. <u>Natl. Retirement Fund v Caesars Entertainment Corp</u>., 2016 US Dist LEXIS 60483 [SDNY May 5, 2016, No. 15-CV-2048 (LAK) (JLC)].

The parties have agreed to attend a settlement conference with Your Honor in order to focus on a potential proposal to resolve the matter through reduced monthly payments and/or a longer payout period.

Your Honor's Rules and the Order in this matter require a Fund representative with authority to settle to actually participate in the discussions. As a practical matter, no settlement can be obtained without the final vote of the Trustees of the Fund. No single Trustee or Fund employee can speak for the other Trustees. In past situations of this nature, counsel for the Fund has participated in settlement negotiations. Counsel has knowledge of the parameters as to what is needed in a settlement. Should a tentative settlement be reached with the assistance of the Court, it would be brought back to the Trustees for a formal vote. Any proposed settlement is accompanied by counsel's a recommendation that the settlement be accepted. Accordingly, the Fund requests that it be exempted from Your Honor's requirement of the presence of a representative at the settlement conference.

Counsel for Total has no objection to this request.

Respectfully submitted,

Ira A. Sturm

cc:   Perry Heidecker, Esq. (by: ECF)

**Application granted. In light of the statements in this letter, the Court reminds the parties to comply with paragraph 9 of the Standing Order annexed to Docket # 20.**

**So Ordered.**

_/s/ Gabriel W. Gorenstein_
GABRIEL W. GORENSTEIN
United States Magistrate Judge
**December 21, 2020**